UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JIMMY D. CHARBONNET and TAMMY S. CHARBONNET | * * | CIVIL CASE NO. |
| Plaintiffs | * | JUDGE: |
| vs. | * * * | |
| NATIONAL FLOOD INSURANCE PROGRAM | * * * | MAGISTRATE: |
| Defendant | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the Plaintiffs, Jimmy D. Charbonnet and Tammy S. Charbonnet, (hereinafter referred to as "Plaintiffs'), both persons of the majority, domiciled in the Parish of Ascension, State of Louisiana, and respectfully represent:

1. The jurisdiction of this court is involved under 28 U.S.C Section 1332, commonly known as the diversity of citizenship, as the parties are diverse, and the controversy exceeds SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) DOLLARS. The jurisdiction of this court is also invoked under 28 U.S.C Section 1331, commonly known as Federal Question Jurisdiction and 42 U.S.C. Section 4053.

2. Made defendant herein is NATIONAL FLOOD INSURANCE PROGRAM, (hereinafter referred to as "NFIP"), a national program, authorized to do and doing business in the Parish of Livingston, State of Louisiana. At all pertinent times herein, NATIONAL FLOOD INSURANCE PROGRAM provided flood coverage through the National Flood Insurance

1

Program to Jimmy D. Charbonnet and Tammy S. Charbonnet for the property located at on 45473 Travis Road, St. Amant, Louisiana.

## FLOOD INSURANCE CLAIM

3. Plaintiffs hereby incorporate paragraphs 1 through 2 above by reference as if fully set forth herein.

4. At all times relevant to this action, the Plaintiffs were an insured policy holder under a certain policy of flood insurance issued and/or underwritten by Defendant.

5. Plaintiff further alleges that, under the terms and provisions of the said insurance policy, further identified as Policy No. SF00253973 (the "Flood Policy"), Plaintiffs became entitled to coverage against certain perils associated with flooding, in the event that the building, structures, and contents owned by Plaintiffs, located at 45473 Travis Road, St. Amant, Louisiana, should become damaged or rendered a total loss as a result of impact or injury suffered as a result of such insured perils.

6. Plaintiffs further allege that, at all times relative to this complaint, the Flood Policy was in full force and effect, the annual premium having been paid in full.

7. On the morning of August 11, 2016 rain began to fall in Livingston Parish, State of Louisiana and surrounding areas. The rain persisted for many days, and the Amite River came over the top of its river banks due to the extreme amount of water. Flood waters inundated the majority of the Parish of Livingston and the surrounding areas. Federal Emergency Management Agency (FEMA) declared the severe storms and flooding a Major Disaster on August 14, 2016. Plaintiffs' property was located in the affected area. The Plaintiffs allege that their building, structure and contents were substantially damaged and devastated as a result of the flooding associated with the Great Flood of 2016.

8. Within days after the Great Flood of 2016 the Plaintiffs registered a claim with NFIP and/or FEMA for the flood loss as a result of the damage to their building, structure, and

contents. There ensued thereafter a period of supposed analysis and adjustment of the claims of Plaintiffs. NFIP and/or FEMA acknowledged its responsibility to pay to Plaintiffs a sum of money to compensate them for their losses sustained as a result of flood related damage associated with the storm and which were compensable under the Flood Policy. The claims of Plaintiffs have been undervalued and/or underpaid due to the fact that NFIP and/or FEMA has improperly adjusted the flood damages to the subject buildings, structures and contents, while simultaneously both under-evaluating the costs to repair the building and structure and under-evaluating the effects of the flooding on the structures in causing the damages suffered by Plaintiffs.

9. An appropriate Proof of Loss has been presented to NFIP and/or FEMA in accordance with the terms and the provisions of the Flood Policy.

10. NFIP and/or FEMA has failed and refused to honor the terms and provisions of the subject contract of insurance, and in doing so, has breached the Flood Policy.

11. As a proximate consequence of the above described breach of contract by the Defendant, Plaintiffs have suffered damages in that the claims for full, fair and just compensation to the full extent of its actual losses have not been paid. The Defendant has failed and refused to make additional payments, even though the Plaintiffs have afforded them ample opportunity to reassess and re-evaluate its position.

## COUNT 1
## DECLARATORY RELIEF - FLOOD

12. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1 through 11 herein.

13. The Flood Policy insures against direct physical loss or damage to covered property resulting from flood, unless otherwise excluded. None of the exclusions in the Flood Policy

apply to preclude coverage for the flood-related damages submitted for coverage under the Flood Policy.

14. Pursuant to the terms of the Flood Policy, coverage is provided for the flood-related damages. However, the Defendant has refused to pay Plaintiffs for the full amount of flood-related losses and, therefore, there presently exists an actual controversy between Plaintiffs and Defendant concerning whether Plaintiffs' loss is covered.

15. Plaintiffs seek a declaration that the NATIONAL FLOOD INSURANCE PROGRAM and/or FEMA is obligated to pay their claim loss and damages up to full extent of damage, less any applicable deductible amount.

16. Plaintiffs seek a declaration that their building is a total loss and is entitled to additional damages for the same.

## COUNT II
## BREACH OF CONTRACT - FLOOD

17. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1 through 16 herein.

18. Pursuant to the terms and conditions of the aforementioned Flood Policy, the Defendant is obligated to pay Plaintiffs for their flood loss up to the full extent of damage incurred, minus any applicable deductible amount.

19. Plaintiffs provided timely notice of their loss to the Defendant, which has, contrary to the terms of its policy, refused to pay for all flood-related damages, which are within the limits of the available coverage. As a result of the Defendant's breach of the Flood Policy, Plaintiffs have and will incur substantial costs that they would not otherwise have had to incur.

20. By reason of the foregoing, NFIP and/or FEMA is liable to Plaintiffs, for breach of contract and damages, the exact amount to be proven at trial, including, but not limited to, the amount of Plaintiffs loss and damages covered under the Flood Policy, including total loss damages under the Flood Policy above any applicable deductible, and attorney fees.

**WHEREFORE,** the Plaintiffs, Jimmy D. Charbonnet and Tammy S. Charbonnet, demand judgment against NATIONAL FLOOD INSURANCE PROGRAM and/or FEDERAL EMERGENCY MANAGEMENT AGENCY as follows:

A. That the Court determine and declare that NATIONAL FLOOD INSURANCE PROGRAM and/or FEDERAL EMERGENCY MANAGEMENT AGENCY must pay Plaintiffs for their flood-related damages and total loss related damage, less the applicable deductible, plus attorney fees and cost; and

B. That NATIONAL FLOOD INSURANCE PROGRAM and/or FEDERAL EMERGENCY MANAGEMENT AGENCY be held contractually obligated to pay Plaintiffs the amount of damages sustained for their flood-related loss above the applicable deductible.

Date: December 29, 2017                    Respectfully submitted,

**SUMMONS WILL FOLLOW**

                                                         s/Donnie L. Floyd
DONNIE L. FLOYD, Bar Roll No. 5623
KEVON HOWALD, Bar Roll No.
17487 Old Jefferson Hwy., Suite B
Prairieville, Louisiana 70769
Telephone: (225) 677-8300
Facsimile: (225) 677-8653
Legal@donnielfloyd.com

                                                      s/John B. Brumfield, Jr.
JOHN B. BRUMFIELD, JR. Bar Roll No. 21,506
11924 Justice Avenue, Suite C.
Baton Rouge, LA 70821
Telephone: (225) 383-7002
Facsimile: (225) 383-7092
Jbb_atty@bellsouth.net